UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:18-CR-37-TAV-HBG-5 |
| TRACI A. MCKELVEY, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 357]. The United States has filed a response [Doc. 373]. Defendant has filed a pro se reply [Doc. 246] and a supplement [Doc. 257], and a letter in support of her request has been received [Doc. 256]. Federal Defender Services of East Tennessee has filed a notice indicating it will not supplement defendant's motion [Doc. 238]. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motion will be **DENIED**.

**I.     Background**

On June 13, 2018, defendant pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Docs. 47, 61]. Defendant was sentenced to 151 months' imprisonment, followed by six (6) years of supervised release [Doc. 121].

Defendant is housed at FPC Alderson, which currently has one (1) active case of COVID-19 amongst the inmates, zero (0) active case amongst the staff, and 70 staff and

274 inmates have been vaccinated against COVID-19. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited August 6, 2021). Defendant is fifty-five (55) years old and medical records establish that she suffers from, among other ailments, depression [Doc. 234-1, p. 37]. Defendant is scheduled for release on December 23, 2028. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 6, 2021).

**II.     Legal Standard**

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*.

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three

3

prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

**III. Analysis**

**A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion**

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The United States concedes that defendant has satisfied the exhaustion requirement [Doc. 240]. Thus, the Court may consider the merits of defendant's request.

**B. § 3553(a) factors**

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 F.3d at 519. In this instance, the § 3553(a) factors weigh against compassionate release, so the Court need not address whether defendant has satisfied the extraordinary and compelling reasons prong of the analysis. "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is

4

warranted in whole or in part under the particular circumstances of the case." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (internal citations omitted). The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2). § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491 (2011). To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. § 3553(a); *see also Pepper*, 526 U.S. at 491.

The Court begins with the criminal conduct at issue in this case. The plea agreement indicates that between January 2018 through April 3, 2018, defendant participated in a conspiracy to distribute methamphetamine [Doc. 47, ¶ 4]. Defendant received 56 grams of methamphetamine from a codefendant to sell to another person [*Id.*].

The Court finds that defendant's offense was serious and involved a significant amount of methamphetamine. Nor was this defendant's first drug conviction. Defendant has two prior drug convictions, one in 2003 and one in 2009 [Doc. 81, ¶¶ 49-50]. In addition, the Court notes that while on supervised release for the 2003 conviction, defendant was arrested (and eventually convicted) for the 2009 drug offense [*Id.*]. Similarly, while serving probation for the 2009 offense, defendant committed the instant offense [*Id.*, ¶ 50]. The fact that defendant has a history of violating probation/terms of

5

supervised release calls into question whether she would comply with her conditions of supervised release if her motion were granted in this case.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences available, the guideline sentencing range, and the need to avoid unwarranted disparities. *Id.*

After considering the above, and all other evidence of record, the Court finds that the § 3553(a) factors weigh against compassionate release. The Court recognizes defendant's efforts to rehabilitate and better herself in prison, but the Court finds that those efforts do not outweigh the other sentencing factors discussed above.

As the Court noted above, defendant was sentenced to a below guideline term of imprisonment of 151 months [Doc. 121], and she is due to be released December 23, 2028, approximately 88 months from now. The Sixth Circuit has ruled that courts may consider the amount of time a defendant has served when ruling on a motion for compassionate release. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). In this instance, defendant

has served less than half of her sentence. The Court finds that the length of time left on defendant's sentence is another factor which weighs against compassionate release.

The Court is aware of defendant's medical conditions,[1] and the risk that the ongoing pandemic poses to defendant and to others. That risk is somewhat lessened by the fact that the Bureau of Prisons has begun vaccinating inmates against COVID-19, and, as the Court noted above, 274 inmates at the facility where defendant is housed have already been vaccinated. The Court in no way diminishes the risk COVID-19 continues to present, but the Court must still balance the § 3553(a) factors against all other relevant evidence.

The Court also acknowledges defendant's desire to care for her elderly aunt [Docs. 256, 257]. While the Court understands defendant's desire to be with and help care for her family, there is no evidence that defendant is the only person capable of fulfilling the role of caregiver. Rather, as defendant herself states, another family member is currently assisting defendant's aunt [Doc. 257, p. 1]. Defendant argues that she could provide a better level of care for her aunt, but, unfortunately, being separated from family members, and the associated hardship that creates, are an unfortunate by product of

---

[1] Defendant alleges she suffers from, among other things, COPD, high cholesterol, depression, and obesity, but the medical records defendant submitted reflect a current (as of the date of the 7/1/2020 medical record) diagnosis of depression and a COPD diagnosis marked as in remission [Doc. 234-1, p. 37]. Defendant does appear to have slightly elevated levels of cholesterol [*Id.*, pp. 41, 43; Doc. 244, p. 4] but has not been diagnosed with hyperlipidemia. Defendant has a BMI of 27.7 [Doc. 244, p. 4], which the CDC defines as overweight rather than obese. Defining Adult Overweight & Obesity, CDC, https://www.cdc.gov/obesity/adult/defining.html (last visited August 6, 2021). Regardless, the Court has considered all of the alleged conditions.

7

incarceration. The Court has considered this argument in balancing the sentencing factors and still finds that they weigh against compassionate release.

In reaching this decision, the Court has considered the parties' filings, the PSR, the § 3553(a) factors and other relevant law, and the record as a whole. While the Court notes defendant's medical condition, that is only part of the compassionate release calculus. On the record before the Court, the sentencing factors weigh against early release, and defendant's motion for compassionate release will be **DENIED**.

### IV. Conclusion

Accordingly, for the reasons set forth more fully above, defendant's motion for compassionate release [Doc. 234] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE