UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:18-CR-37-TAV-JEM-5 |
| TRACI A. MCKELVEY, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's renewed pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 261]. The United States responded in opposition [Doc. 264] and Defendant replied [Doc. 266]. For the reasons that follow, the motion will be denied.

**I.   BACKGROUND**

In November of 2018, Defendant was sentenced to one hundred fifty-one (151) months of imprisonment based on her conviction for conspiracy to distribute fifty (50) grams or more of methamphetamine in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(A) [Doc. 121]. In October of 2020, Defendant filed a motion for compassionate release based on her underlying health conditions amid the COVID-19 pandemic [Doc. 234]. The Court denied the motion because it found that the factors under 18 U.S.C. § 3553(a) militated against a sentence reduction [Doc. 260]. In the instant motion, Defendant again asks the Court to grant compassionate release based on her health conditions and the COVID-19 pandemic [Doc. 261].

When Defendant filed the instant motion, she was held at Alderson Federal Prison Camp [Doc. 261, at 2]. She is now housed at Lexington Federal Medical Center, which currently reports six (6) inmate cases and three (3) staff cases of COVID-19. Defendant's projected release date is December 23, 2028. *See* Inmate Locator, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 12, 2022).

## II.  LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), district courts can modify a term of imprisonment if "extraordinary and compelling reasons" justify a sentence reduction and a reduction is consistent with the relevant factors in 18 U.S.C. § 3553(a). *See also United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (holding that "federal judges" have "full discretion to define 'extraordinary and compelling'" without reference to U.S. Sentencing Commission policy statement § 1B1.13). Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *Jones*, 980 at 1105.

## III.  ANALYSIS

Defendant requested compassionate release from the warden at her prison and the request was denied [Doc. 234-1, at 34–35]. Thus, the Court has authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

2

Defendant is fifty-six (56) years old and asserts that she is at special risk of serious complications from COVID-19 due to her obesity, chronic obstructive pulmonary disease ("COPD"), high cholesterol, and mental health problems such as depression [Doc. 261, at 2]. Medical records from the BOP confirm that Defendant suffers from obesity, COPD, and depression [Doc. 265, at 28]. Each of those three conditions "can" increase the risk of serious illness from COVID-19, according to the CDC. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 1, 2022). Hence, the Court recognizes that Defendant's health conditions may place her at an elevated risk from COVID-19.

However, Defendant has been fully vaccinated against COVID-19 since February of 2021 [Doc. 265, at 35, 52–53].[1] *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (A defendant's "access to the COVID-19 vaccine substantially undermines [her] request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."). Moreover, Defendant has now been transferred to a medical facility, which despite having some confirmed cases of COVID-19, may be better equipped to meet her medical needs than her previous prison. Therefore, on balance, the Court does not find that Defendant's COVID-19 risk is an extraordinary and compelling reason for a sentence reduction at this time. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (A defendant's "access to the COVID-19 vaccine substantially

---

[1] Defendant asserts that she contracted COVID-19 in December of 2021 and recovered after a month on oxygen support [Doc. 266, at 2]. However, Defendant has not submitted medical records to document this assertion.

3

undermines [her] request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated.").

Even if the Court were to find that the extraordinary-and-compelling requirement has been met, it would deny Defendant's motion because the § 3553(a) sentencing factors still militate against a sentence reduction. As the Court previously observed, Defendant's offense was serious and involved a large quantity of methamphetamine [Doc. 260, at 5; Doc. 47, ¶ 4]. Defendant's prior drug convictions and history of noncompliance with the terms of probation and supervised release also militate against release [Doc. 260, at 5–6; Doc. 81, ¶¶ 49–50]. Furthermore, Defendant still has approximately seventy-eight (78) months remaining on her one hundred fifty-one (151) month sentence. *See* United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate.") Hence, a sentence reduction in this case would not reflect the seriousness of the offenses of conviction, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes of this defendant.

## IV. CONCLUSION

Defendant has not shown extraordinary and compelling reasons for a sentence reduction and the § 3353(a) factors counsel against release. Therefore, Defendant's renewed pro se motion for compassionate release [Doc. 261] is **DENIED**.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE